## NEW YORK COMMON PLEAS.

### Rowe agt. Gunson.

Where A. at the request of B. advances to him the amount of a *month's salary* which B. has to earn, and agrees to pay at the expiration of the month, and takes an assignment from B. of his salary *as security*, it is *usury* for A. to take over 7 per cent. per annum interest on the amount of such advance.

It is not the case where the lender of money *assumes a risk* upon the loan by which repayment is hazarded, and upon which, it is not usurious though an excessive rate of interest is charged; but it is only the *security* which depends upon a contingency, B. being liable though the security should fail to yield anything.

*New York General Term, July*, 1863.

DALY, BRADY and HILTON, *Judges.*

APPEAL from a judgment at special term. The facts will appear in the opinion.

By the court, BRADY, J. · In this case the evidence of the defendant, which is not controverted, establishes the following facts: About the 7th July, 1861, he went to the office of Mr. Ellis and asked him if he would not advance him a month's pay, and signed an agreement to pay eight per cent. interest for it. That his salary was $67.94, and that he received $62.53, the sum of $5.42 being the interest allowed; that he assigned his salary as security; that in the month of August following, he renewed the assignment, and paid five dollars more for the use of the money for the next month; that in September he made

Rowe agt. Gunson.

no assignment, but received his pay, and in October went to Pine street, executed the instrument in suit and paid five dollars; that he tore up the old instrument when he executed the one in suit, and subsequently, being called upon for payment, offered to pay $62.53, which was the principal, and declined to pay any more unlawful interest. By this evidence the defendant established the fact that the indebtedness was a loan to him of money at a usurious rate of interest, and that the assignment was only given as a collateral security. There was no risk by the plaintiff upon any doubtful contingency. The liability of the defendant did not rest upon his discharging the duties of his office or his receiving or collecting the salary earned or to be earned, nor was there an absolute assignment of that salary. The plaintiff or his agent advanced the money and took the assignment as security. There can be no doubt of this. Although the defendant states that the first transaction was with Mr. Ellis, he also states that he went down to Pine street and there executed the instrument in suit, and paid five dollars. He went there because "they had moved from Cortlandt to Pine street," and he tore up the old instrument when he executed this one. The plaintiff did not show that Mr. Ellis was a person not connected with him, nor did he show that he took the assignment of the original claim without notice, assuming the instrument in suit to have been a renewal of the original loan in July. Mr. Ellis was doubtless some person acting for the plaintiff, otherwise the instrument would have contained his name. These observations are made in answer to a suggestion on the argument that no connection had been shown between the defendant and Mr. Ellis. On the state of facts detailed, however, the defendant was not liable. The rate of interest was unusual and extraordinary, even to the usurer, being at the rate of 96 per cent. per annum on the sum of $67.94, and is reprehensible unless excused

upon the assumption that the plaintiff relied in fact only on the assignment, and took the risk of the defendant's earning and receiving the salary. Where the lender of money assumes a risk upon the loan by which repayment is hazarded, the contract will not be usurious although an excessive rate of interest be charged. (*Story on Con.*, § 600 *and cases; 2 Parsons on Con.*, 414 ; *Chitty on Con.*, 605, 8*th Am. Ed.*)

This is not such a case. The security alone was one which depended upon a contingency, but the principal was not hazarded, the defendant being liable, though that security should fail to yield anything. I think the judgment should be reversed. It is not at all likely that the jury misunderstood the facts of this case. At first blush it appears to be one in which the plaintiff assumed the risk of the defendant's earning the salary, and they may on that theory have given a verdict for the plaintiff. It matters not, however. The case, on a full understanding of it, is one of a loan at an excessive rate of interest, and the judgment cannot be upheld.

Reversed.